UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JERMAINE WILSON,

                              Petitioner,

                    v.

SUPERINTENDENT MICHAEL CAPRA,

                              Respondent.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
15-CV-6495 (MKB)

MARGO K. BRODIE, United States District Judge:

Petitioner Jermaine Wilson brings the above-captioned habeas corpus petition pursuant to

28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his

federal constitutional rights. (Pet., Docket Entry No. 1.) Petitioner's claims arise from a

judgment of conviction in New York State Supreme Court, Kings County, for murder in the

second degree.[1] (*Id.* at 1.) Currently before the Court is Petitioner's motion to hold his habeas

petition in abeyance to permit him to file a motion to vacate his conviction in state court pursuant

to New York Criminal Procedure Law ("C.P.L.") section 440.10. (Pet. Mot. Stay ("Pet. Mot."),

Docket Entry No. 9.) For the reasons set forth below, Petitioner's motion for a stay is denied

without prejudice.

   **I.  Background**

       On April 16, 2010, Petitioner was convicted of murder in the second degree. (Pet. 1.)

The Appellate Division, Second Department affirmed the conviction on March 19, 2014. *People*

*v. Wilson*, 981 N.Y.S.2d 812 (App. Div. 2014). Leave to appeal was denied on September 2,

_____

       [1]  Because the petition and the motion to stay are not consecutively paginated, the Court
refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

2014.  *People v. Wilson*, 24 N.Y.3d 966 (2014).  Thereafter, Petitioner filed a timely habeas

corpus petition on November 2, 2015 based on five grounds exhausted in state court.  (*See* Pet.

5–7, 9–10, 13.)  On November 21, 2017, Petitioner requested a stay and abeyance of his habeas

petition so that he may seek to vacate his judgment in state court pursuant to C.P.L. section

440.10.  (*See* Pet. Mot. 1.)

## II.  Stay and abeyance

When a habeas petition is a "mixed" one — that is, one containing both exhausted and

unexhausted claims — a district court has discretion to hold the petition in abeyance to permit a

petitioner to exhaust the unexhausted claims, provided that the "petitioner had good cause for his

failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication

that [he] engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278

(2005).

Here, Petitioner fails to state on what basis he seeks to vacate his conviction in state

court.  In the motion, Petitioner only states that he seeks an abeyance so that he may "file a

criminal procedure law [440.10] motion."  (Pet. Mot. 1.)  Without any information and details as

to the claim Petitioner seeks to file as part of his 440.10 motion, the Court cannot determine

whether Petitioner has shown good cause or whether the claim is potentially meritorious.  *See*

*McNeil v. Capra*, No. 13-CV-3048, 2015 WL 4719697, at *2 (S.D.N.Y. Aug. 7, 2015) (denying

motion to stay without prejudice where petitioner failed to "provide any information concerning

his failure to previously exhaust the proposed claim").

In addition, the petition does not appear to be "mixed" as it only contains the exhausted

claims presented to the Appellate Division.  In some cases, courts will grant a petitioner's

application to amend a petition to add an unexhausted claim, and will apply the factors (good

cause, potentially meritorious claims, and no intentionally dilatory litigation tactics) established

in *Rhines* to hold a petition in abeyance to permit the petitioner to exhaust the newly added claim. *Rhines*, 544 U.S. at 269; *see also Nickels v. Conway,* No. 10–CV–0413, 2013 WL 4403922, at *6 (W.D.N.Y. Aug. 15, 2013). Here, Petitioner does not seek leave to amend the petition. "Under such circumstances . . . courts in this circuit have generally required the petitioner first to seek leave to amend the petition to add the new claim before applying the *Rhine*[*s*] test." *Madrid v. Ercole,* No. 08-CV-4397, 2012 WL 6061004, at *2 (E.D.N.Y. Dec. 6, 2012) (collecting cases).

### III. Conclusion

For the foregoing reasons, the Court denies Petitioner's motion for a stay without prejudice.[2] However, the Court grants Petitioner leave to amend the petition to add the new claim he seeks to file in state court and to renew his motion for abeyance.


SO ORDERED:


      s/ MKB
MARGO K. BRODIE
United States District Judge


Dated: December 14, 2017
      Brooklyn, New York

---

[2] As Respondents argue, Petitioner's new claim may be time-barred. Nevertheless, even if unlikely, the Court reserves judgment should Petitioner be able to demonstrate that an equitable exception applies.