UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

JERMAINE WILSON,

                        Petitioner,

v.

SUPERINTENDENT MICHAEL CAPRA,

                        Respondent.

-------------------------------------------------------------

**MEMORANDUM & ORDER**
15-CV-6495 (MKB)

MARGO K. BRODIE, United States District Judge:

    Petitioner Jermaine Wilson filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his federal constitutional rights. (Pet., Docket Entry No. 1.) Petitioner's claims arise from a judgment of conviction in New York State Supreme Court, Kings County, for murder in the second degree.[1] (*Id.* at 1.) Currently before the Court is Petitioner's second motion to hold his habeas petition in abeyance to permit him to file a motion to vacate his conviction in state court pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10. (Pet. Second Mot. to Stay ("Pet. Second Mot."), Docket Entry No. 12.) For the reasons set forth below, the Court denies Petitioner's second motion for a stay.

**I. Background**

    On April 16, 2010, Petitioner was convicted of murder in the second degree. (Pet. 1.) The Appellate Division, Second Department affirmed the conviction on March 19, 2014. *People v. Wilson*, 981 N.Y.S.2d 812 (App. Div. 2014). Leave to appeal was denied on September 2,

---

    [1] Because the petition and the motion to stay are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

2014. *People v. Wilson*, 24 N.Y.3d 966 (2014). On November 2, 2015, Petitioner filed a timely habeas corpus petition based on five grounds exhausted in state court: (1) the evidence was legally insufficient due to reliance on testimony from two unreliable witnesses due to benefits received and outside influence; (2) improper admission of later recanted testimony from two unreliable witnesses made years after the purported crime; (3) failure by the state court to provide a missing witness charge to counter testimony by a detective regarding attempts to locate three uncalled prosecution witnesses; (4) improper jury charge limiting the jury's consideration of benefits received by a witness in assessing her credibility; and (5) failure by the state court judge to provide a no inference instruction. (*See* Pet. 2, 5–7, 9–10, 13.)

On November 21, 2017, Petitioner requested a stay and abeyance of his habeas petition so that he may seek to vacate his judgment in state court pursuant to C.P.L. § 440.10. (*See* Pet. Mot. to Stay ("Pet. Mot.") 1, Docket Entry No. 9.) Petitioner stated that "he s[ought] an abeyance so that he may 'file a criminal procedure law [440.10] motion.'" *Id.* By Memorandum and Order dated December 14, 2017, the Court denied Petitioner's motion without prejudice. *Wilson v. Capra*, 281 F. Supp. 3d 289, 291 (E.D.N.Y. 2017). The Court explained that the petition only included exhausted claims and that Petitioner had "fail[ed] to state on what basis he s[ought] to vacate his conviction in state court." *Id.* at 290. Mindful of Petitioner's *pro se* status, the Court granted Petitioner leave to amend his petition to add the unexhausted C.P.L. § 440.10 claim so that he may renew his motion for stay and abeyance.

On February 22, 2018, Petitioner renewed his motion for stay and abeyance, attaching his C.P.L. § 440.10 motion as an exhibit. (Pet. Second Mot.) The attached C.P.L. § 440.10 motion lists the following unexhausted claims: (1) ineffective assistance of counsel ("IAC") for failure to investigate matters impugning on the credibility and testimony of one of the witnesses (that

counsel should have investigated the location of the windows from which the witness purported to see the murder, that the witness was a known gang-member with a history of assaults, that counsel failed to locate another witness), (2) ineffective assistance of counsel for failure to request certain Brady material relating to Petitioner's telephone records, and failure to request a hearing to suppress the telephone records; (3) the government's obtainment of his telephone records by a subpoena in violation of due process; and (4) the government's failure to turn over any subpoena and other related documents relating to the telephone records. (*See* Pet. 440.10 Mot. 5–8, annexed to Pet. Second Mot., Docket Entry No. 12-1.) As with the first motion, the second motion provides no information other than a request to hold the petition in abeyance. (Pet. Second Mot.)

## II. Discussion

### a. Standard of review

When a habeas petition is "mixed"— that is, one containing both exhausted and unexhausted claims — a district court has discretion to hold the petition in abeyance to permit a petitioner to exhaust the unexhausted claims, provided that the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [he] engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

### b. Petitioner has not shown good cause

Petitioner fails to demonstrate good cause as to his failure to exhaust his new C.P.L. § 440.10 claims.[2] His second motion for stay and abeyance does not provide any explanation as to

---

[2] Petitioner also failed to amend his petition to add the unexhausted claims. The petition only includes exhausted claims. For purposes of this Memorandum and Order, the Court analyzes Petitioner's motion as if he had amended the petition to add the unexhausted claims.

3

why he failed to exhaust the unexhausted claims. (*See generally* Pet. Second Mot.) The attached C.P.L. § 440.10 motion also fails to include any explanation. (*See generally* Pet. Mot. to Vacate.) Accordingly, the Court denies Petitioner's second motion for stay and abeyance for lack of good cause.[3] *See Daniels v. Stalone*, No. 14-CV-00219, 2017 WL 2931256, at *4 (W.D.N.Y. July 10,

---

[3] The Court does not base its decision on the merits of Petitioner's unexhausted claims. *See Jorge v. Phillips*, 05-CV-6091, 2008 WL 344718, at *1 (S.D.N.Y. Jan 31, 2008) ("Petitioner fails to show good cause, and hence we need not address the purported merits of [his] new claim or the question of deliberate delay."). However, the Court notes that Petitioner has filed his unexhausted claims beyond the one-year limitations period set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015), *as corrected* (Nov. 12, 2015) ("[AEDPA] places a one-year limitation on a prisoner's right to seek federal review of a state criminal conviction pursuant to 28 U.S.C. § 2254." (citation omitted)). Moreover, other than the IAC claim based on a failure to investigate the credibility or testimony of a witness, the unexhausted claims do not appear to "relate back" to the exhausted claims. None of the other unexhausted claims "arose from the same core facts alleged in the original petition." *See Gibson v. Artus*, 407 F. App'x 517, 519 (2d Cir. 2010) (holding relation back is limited to claims "that arose from the same core facts alleged in the original petition, [and] not those related generally to petitioner's trial, conviction, or sentence" (citation omitted)); *Gutierrez v. Miller*, No. 17-CV-09570, 2018 WL 1388506, at *2 (S.D.N.Y. Mar. 16, 2018) ("Unexhausted claims are meritless . . . when they are time-barred and do not 'relate back' to claims asserted in the present petition." (citation omitted)); *Martinez v. Mariuscello*, No. 16-CV-7933, 2017 WL 2735576, at *2 (S.D.N.Y. June 23, 2017) ("[E]ven if Petitioner could demonstrate good cause for his failure to exhaust his state law claims, almost all of the claims he hopes to add to his habeas petition are plainly lacking in merit because they are time barred and do not relate back to the [exhausted] claims.").

The IAC claim based on a failure to investigate the credibility and testimony of a witness, even if it relates back, appears to be meritless. As to the issue regarding the ability of the witness to see from the windows, Petitioner's counsel extensively cross-examined the witness about her ability to see the murder. (*See* Trial Tr. 220:14–229: 21, annexed to Diane R. Eisner Aff. in Opp'n to Pet., Docket Entry No. 5.) As part of the cross-examination, Petitioner's counsel also employed various diagrams and pictures of the scene in an effort to discredit the witness' account. (*Id.*) As to the issue regarding the witnesses' criminal history, Petitioner's counsel extensively cross-examined the witness about her many crimes, including conviction for cutting and stabbing people. (*See* Trial Tr. 193:6–195:20 (discussing witnesses' eight prior convictions); Trial Tr. 203:4–215:7 (discussing various convictions in detail).) Based on the foregoing, this latter claim requires Petitioner to demonstrate prejudice based on his counsel's failure to mention that the witness was a gang member, despite the extensive discussion about her criminal history. Petitioner fails to provide any reason to attach any significance to this additional detail. *See Buck v. Davis*, 580 U.S. ---, ---, 137 S. Ct. 759, 775 (Feb. 22, 2017) ("A defendant who claims to have been denied effective assistance must show both that counsel performed deficiently and that

2017) (denying motion for stay and abeyance where "[p]etitioner ha[d] not even attempted to demonstrate *any* cause for his failure to exhaust his [unexhausted] claims"); *Carr v. Graham*, 27 F. Supp. 3d 363, 365 (W.D.N.Y. 2014) (denying motion for stay and abeyance for lack of good cause where petitioner "ha[d] not attempted to explain why he failed to exhaust, at an earlier time, [the unexhausted claims]"); *see also Wesley-Rosa v. Kaplan*, 274 F. Supp. 3d 126, 129 (E.D.N.Y. 2017) ("None of the[] ordinary badges of incarceration qualifies as good cause sufficient to merit a stay."); *Allen v. State of New York*, No. 13-CV-0991, 2016 WL 5928817, at *5 (W.D.N.Y. Oct. 12, 2016) ("Basing a finding of good cause upon *pro se* status 'would render stay-and-abey[ance] orders routine' and thus run afoul of *Rhines* and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" (citations omitted)).

### III. Conclusion

For the foregoing reasons, the Court denies Petitioner's second motion for a stay.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: July 7, 2018
      Brooklyn, New York

---

counsel's deficient performance caused him prejudice." (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984))).