UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------

JERMAINE WILSON,

                          Petitioner,

                v.

MICHAEL CAPRA, *Superintendent of Sing Sing Correctional Facility*,

                          Respondent.

**MEMORANDUM & ORDER**
15-CV-6495 (MKB)

----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Petitioner Jermaine Wilson, proceeding *pro se* and currently incarcerated at Sing Sing Correctional Facility in Ossining, New York, brought the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 2, 2015, alleging that he is being held in state custody in violation of his federal constitutional rights. (Pet., Docket Entry No. 1.) Petitioner was convicted following a jury trial in the Supreme Court of New York, Kings County, (the "Trial Court") for one count of murder in the second degree. (*Id.* at 1.) The Trial Court sentenced Petitioner to a prison term of twenty-five years to life, (*id.*), and the New York Supreme Court, Appellate Division, (the "Appellate Division"), affirmed the conviction, *People v. Wilson*, 981 N.Y.S.2d 812 (App. Div. 2014). The New York Court of Appeals denied leave to appeal. *People v. Wilson*, 24 N.Y.3d 966 (2014). In support of his petition, Petitioner raised five claims: (1) insufficiency of the evidence in light of the credibility issues of the primary eyewitnesses; (2) Confrontation Clause violation in relation to the admission of out-of-court statements of two nontestifying eyewitnesses; (3) improper admission of testimony and jury instructions concerning efforts to locate missing witnesses for trial; (4) improper jury instruction

concerning the credibility of an eyewitness; and (5) failure to instruct the jury that jurors could draw no adverse inference from Petitioner's decision not to testify. (Pet. 1, 4–12.) On October 12, 2020, the Court denied the petition on all five claims and granted a certificate of appealability as to the first four. (Mem. and Order dated Oct. 12, 2020 ("October 2020 Decision"), Docket Entry No. 18.) On December 10, 2020, Petitioner filed a motion to vacate his conviction and, in effect, seeks reconsideration of the October 2020 Decision, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.[1] (Pet'r's Mot. to Recons. ("Pet'r's Mot."), Docket Entry No. 21; Pet'r's Aff. in Supp. of Mot. ("Pet'r's Mem."), Docket Entry No. 22.)

For the reasons set forth below, the Court denies Petitioner's motion.

## I. Background

The Court assumes familiarity with the facts as detailed in the October 2020 Decision and provides only a summary of the pertinent facts. (*See* October 2020 Decision 2–30.)

### a. Trial Court

A grand jury indicted Petitioner on one count of murder in the second degree and criminal possession of a weapon in the second and third degrees. (V.D. 192.)[2] Prosecutors tried

---

[1] On December 14, 2020, Plaintiff appealed the October 2020 Decision to the Second Circuit, and on April 29, 2021, the Second Circuit stayed the appeal pending resolution of the instant Rule 60(b) motion. (Initial Notice of Stay of Appeal, Docket Entry No. 25.) "While it is true that the filing of a notice of appeal typically 'divests the district court of its control over those aspects of the case involved in the appeal,' a notice of appeal does not divest a district court of jurisdiction to decide a timely-filed motion pursuant to [Rule] 60." *Leeber Realty LLC v. Trustco Bank*, 798 F. App'x 682, 687 (2d Cir. 2019) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

[2] "H." refers to the transcript of a March 15–16, 2010 pretrial hearing in state court in Petitioner's case. (Trial Tr. I, annexed to Resp. to Order to Show Cause as Ex. 1, Docket Entry No. 5-1.) "V.D." refers to the transcript of the March 16–17, 2010 *voir dire* in state court for Petitioner's trial. (Trial Tr. I & II, annexed to Resp. to Order to Show Cause as Ex. 2, Docket Entry Nos. 5-1–2.) "T." refers to the transcript of Petitioner's jury trial beginning March 17,

2

Petitioner before a jury beginning on March 17, 2010, and ending with the jury's verdict on March 30, 2010. (T.)

During the trial, defense counsel requested that the jury instructions include a charge that the jury draw no inference from the fact that Petitioner did not testify in the case. (T. 469.) Prosecutors did not object. (*Id.*) The Trial Court did not explicitly grant or deny the request for a no-inference charge:

| | |
|---|---|
| THE [TRIAL] COURT: | Let's — what are your request [sic] to charge in this case, [defense counsel]? |
| [DEFENSE COUNSEL]: | I know the [c]ourt's normal charge, so obviously I won't object to what you usually — well, I haven't been before you in a while. The charge is the same? I'm sure it is. We haven't made a determination whether [Petitioner] would testify or not, but I don't think he will. So if — I would request — |
| THE [TRIAL] COURT: | If he didn't testify you would request a no inference charge. |
| [DEFENSE COUNSEL]: | Yes. And I know you were going to give it anyway, but, yes. |
| THE [TRIAL] COURT: | What else? |

(*Id.*) The Trial Court intended but inadvertently neglected to include a no-inference charge when the Trial Court instructed the jury. (*Id.* at 565–91; Def.-Appellant Br. ("Pet'r's App. Div. Br.") annexed to Resp. to Order to Show Cause as Ex. C, at 73, Docket Entry No. 5-5.) Although defense counsel objected to other parts of the jury instructions, defense counsel did not object to the Trial Court's failure to include a no-inference charge. (T. 593–94.)

---

2010 and ending with the jury's verdict on March 30, 2010. (Trial Tr. II, III & IV, annexed to Resp. to Order to Show Cause as Exs. 2–4, Docket Entry Nos. 5-2–4.) "S." refers to the transcript of the sentencing hearing held on April 16, 2010. (Trial Tr. IV 159–71, annexed to Resp. to Order to Show Cause as Ex. 4, Docket Entry No. 5-4.) The Court refers to the original page numbers in the trial transcript and other state court hearings.

On March 30, 2010, the jury unanimously found Petitioner guilty of murder in the second degree, (*id.* at 610, 623–25), and on April 16, 2010, the Trial Court sentenced Petitioner to the maximum sentence allowable under state law, twenty-five years to life in prison, (S. 1, 9).

### d. Appellate Division

Petitioner appealed his conviction to the Appellate Division arguing (1) insufficiency of the evidence in light of the credibility issues of the primary eyewitnesses; (2) Confrontation Clause violation in relation to the admission of out-of-court statements of two nontestifying eyewitnesses; (3) improper admission of testimony and jury instructions concerning efforts to locate missing witnesses for trial; (4) improper jury instruction concerning the credibility of an eyewitness; and (5) failure to instruct the jury that jurors could draw no adverse inference from Petitioner's decision not to testify. (Pet'r's App. Div. Br. 22–60.) The Appellate Division refused to consider Petitioner's no-adverse-inference argument because Petitioner failed to preserve it for appeal. *Wilson*, 981 N.Y.S.2d at 813. In addition, the Appellate Division declined to consider the argument "in the exercise of [its] interest of justice jurisdiction." *Id.* at 813. The Appellate Division rejected all five of Petitioner's arguments and affirmed the conviction. *Id.*

Petitioner sought leave to appeal to the Court of Appeals, (Pet'r's Letter dated May 20, 2014 1, Docket Entry No. 5-5), which was denied, *People v. Wilson*, 24 N.Y.3d 966 (2014).

### d. October 2020 Decision

On November 2, 2015, Petitioner filed a petition for a writ of habeas corpus with the Court. (Pet. 13.) Petitioner raised five claims, essentially identical to the claims he raised before the Appellate Division in his direct appeal. (*Id.* at 1, 4–12.) The Court's October 2020 Decision denied Petitioner's habeas petition, stating *inter alia*, that "[t]he Appellate Division expressly refused to review [Petitioner's no-adverse-inference] claim because of defense counsel's failure

4

to adequately preserve the issue for appeal by lodging a contemporaneous objection with the Trial Court" and that "this independent and adequate state law ground bars federal habeas review of th[e] claim."  (October 2020 Decision 51 (citing *Wilson*, 981 N.Y.S.2d at 813).)

## II. Discussion

### a. Standards of review

#### i. Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a final judgment, order, or proceeding in the case of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *Banister v. Davis*, 590 U.S. ---, ---, 140 S. Ct. 1698, 1709 n.7 (2020) (quoting Fed. R. Civ. P. 60(b)).  "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).  While such motions must be brought "within a reasonable time," *Santander Bank, N.A. v. Harrison*, --- F. App'x ---, ---, 2021 WL 2201120, at *2 (2d Cir. June 1, 2021) (quoting Fed. R. Civ. P. 60(c)(1)), "[t]he one-year limitation period for Rule 60(b)[(1)–(3)] motions is absolute," *Wang v. Int'l Bus. Machines Corp.*, 839 F. App'x 643, 646 (2d Cir. 2021) (second alteration in original) (quoting *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemp. Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006)); *see also Muller v. Lee*, No. 13-CV-775, 2021 WL 199284, at *3 (N.D.N.Y. Jan. 20, 2021) (noting that the petitioner's Rule 60(b) motion was untimely where he

"waited four years and three months to file th[e] motion from the time his habeas petition was denied and dismissed"). "[A] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Pastor v. P'ship for Children's Rts.*, --- F. App'x ---, ---, 2021 WL 1731804, at *1 (2d Cir. May 3, 2021) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)); *see also D'Angelo v. State Farm Fire & Cas. Co.*, 201 F.3d 430, 430 (2d Cir. 1999) ("Rule 60(b) is not a substitute for appeal and may not be used to relitigate the merits of a case." (citing *Competex, S.A. v. Labow*, 783 F.2d 333, 335 (2d Cir. 1986))).

Each of the first five subsections of Rule 60(b) addresses a particular circumstance under which a party can obtain relief from a final judgment. *See Dugan v. United States*, No. 11-CV-3973, 2015 WL 5244341, at *3 (E.D.N.Y. Sept. 8, 2015). Under Rule 60(b)(1) "a district court may correct its own mistakes that are 'of a substantive legal nature,' and 'its own mistakes of fact.'" *Castro v. Bank of N.Y. Mellon as Trus. for Certificate Holders of CWalt Inc., Alt. Loan Tr. 2006-0A11 Mortgage Pass Through Certificates, Series 2006-OA11*, --- F. App'x ---, ---, 2021 WL 1207904, at *2 (2d Cir. Mar. 31, 2021) (alteration omitted) (first quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977); and then quoting *Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.)*, 346 F.3d 31, 35 (2d Cir. 2003)). "[T]he general rule [is] that a movant bears the burden in Rule 60(b) motions." *Gater Assets Ltd. v. AO Moldovagaz*, --- F.3d ---, ---, 2021 WL 2546410, at *4 (2d Cir. June 22, 2021) (citing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).

    ii.    **Rule 60(b) motion in the habeas context**

Although Rule 60 is not a proper vehicle for challenging "the underlying criminal conviction," *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004), from which the habeas proceeding arose, Rule 60(b) may be used to challenge the "integrity of the federal habeas proceeding[]," *Banister*, 590 U.S. at ---, 140 S. Ct. at 1709 n.7. *See Harris*, 367 F.3d at 77

6

("[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction."); *United States v. Christian Bros. Contracting Corp.*, 586 F. App'x 79, 80 (2d Cir. 2014) ("Rule 60(b) is not available to directly challenge the integrity of an underlying criminal conviction or sentence."); *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (2d Cir. 2001) (holding that a motion to reopen a habeas proceeding under Rule 60(b) is permissible where it "relates to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial"); *Jones v. Hallett*, No. 20-CV-10350, 2021 WL 1910754, at *1 (S.D.N.Y. May 10, 2021) (denying Rule 60(b) motion where the petitioner "[did] not attack the integrity of the habeas proceeding").

When a Rule 60(b) motion attacks the petitioner's underlying conviction, a district court generally has two options: "(i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Circuit Court of Appeals] for possible certification [under 28 U.S.C. § 2244(b)(2) ], or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris*, 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)); *see also Banister*, 590 U.S. at ---, 140 S. Ct. at 1709 (noting that a Rule 60(b) motion "counts as a second or successive habeas application" so long as the motion "attacks the federal court's previous resolution of a claim on the merits" (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 125 (2005))). In considering both options, the Second Circuit has "cautioned district courts to":

> be careful not to recharacterize a portion of the 60(b) motion as a second or successive collateral attack and transfer it to this [c]ourt until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing (perhaps for later refiling explicitly as a new collateral attack) the portion of his 60(b) motion that the district

7

court believes presents new challenges to the underlying conviction." *Harris*, 367 F.3d at 82 (quoting *Gitten*, 311 F.3d at 534). "[A] petitioner is not 'making a habeas . . . claim . . . when he merely asserts that a previous ruling which precluded a merits determination was in error — for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Tripathy v. Schneider*, No. 20-CV-6366, 2021 WL 274440, at *2 (W.D.N.Y. Jan. 13, 2021) (quoting *Gonzalez*, 545 U.S. at 532 n.4).

### b. Petitioner has not presented a basis for relief pursuant to Rule 60(b)(1)

Petitioner argues that his conviction should be vacated pursuant to Rule 60(b)(1) because the Trial Court failed to instruct the jury that it could draw no unfavorable inference from Petitioner's failure to testify in his own defense. (Pet'r's Mot. ¶ 8.) In support, Petitioner argues that (1) he "should be excused from the exhaustion requirement" because he "would be without a state corrective process if he were required to bring this claim in state court now," (*id.* ¶ 13), (2) the October 2020 Decision overlooked the language in N.Y. C.P.L. § 300.10 and precedent such as *In re Matter of Doyle*, 257 N.Y. 244, 250 (1931), which explain that "it is a violation of constitutional rights for the [Trial Court] to ignore [Petitioner's] specific request to issue a 'no-adverse-inference jury instruction,'" (*id.* ¶¶ 6–7), and (3) the October 2020 Decision wrongly concluded that there was harmless error because it is uncertain whether the jury "[held] [P]etitioner's failure to testify against him," (*id.* ¶ 11).

Although Petitioner's challenge that the October 2020 Decision erroneously applied the procedural bar is properly brought as a Rule 60(b) motion, Petitioner fails to establish a basis to vacate the judgment pursuant to Rule 60(b)(1) because he does not indicate that the October

2020 Decision involved a mistake, inadvertence, surprise, or excusable neglect.[3]  *See Giordano v. United States*, No. 11-CV-9, 2017 WL 3262156, at *3 (D. Conn. July 31, 2017) (concluding that the petitioner's claim that the court "improperly held certain of his arguments to be procedurally barred . . . [was] properly brought under Rule 60(b) because it attacks the 'nonmerits aspect' of the habeas proceeding" (quoting *Gonzalez*, 545 U.S. at 534)).  In the October 2020 Decision, the Court noted Petitioner's argument that the Trial Court's failure to provide a no-adverse-inference jury instruction was a violation of his constitutional rights and concluded that it was beyond the Court's jurisdiction to review the merits of the claim.  (October 2020 Decision 51.)  Petitioner raises the same claim but now requests that the Court excuse his failure to exhaust and review the merits of his claim in his favor.  (Pet'r's Mot. ¶ 13; Pet.)  Petitioner's arguments, which do not indicate mistake, inadvertence, surprise, or excusable neglect, are not grounds for relief under Rule 60(b)(1).  *See Salvagno v. Williams*, No. 17-CV-2059, 2019 WL 2720758, at *8 (D. Conn. June 27, 2019) (denying Rule 60(b)(1) motion where the court did not commit a legal or factual error in deciding that it lacked jurisdiction); *Giordano*, 2017 WL 3262156, at *3, 6 (denying Rule 60(b)(1) motion where "there [wa]s no indication that [the court] improperly held that [the] jury instruction claim was procedurally defaulted" and concluding that "[t]o the extent that [the petitioner] seeks to relitigate the merits of his constitutional claims, that portion of the

---

[3] Plaintiff's Rule 60(b)(1) motion is timely as it was filed on December 10, 2020 — about a month after the October 2020 Decision denying his habeas petition.  (Pet'r's Mot.); *see Banister v. Davis*, 590 U.S. ---, ---, 140 S. Ct. 1698, 1710 (2020) ("Unlike Rule 59(e) motions with their fixed 28-day window, Rule 60(b) motions can arise long after the denial of a prisoner's initial petition — depending on the reason given for relief, within either a year or a more open-ended 'reasonable time.'" (quoting Fed. R. Civ. P. 60(c)(1))); *Daniel v. T&M Prot. Res., LLC*, 844 F. App'x 433, 435 (2d Cir. 2021) (noting that a "litigant must file [certain] Rule 60(b) motion[s] . . . within a year of entry of the judgment or order" and finding the appellant's motion untimely because it was not "filed by the one-year deadline" (citing Fed. R. Civ. P. 60(c)(1))).

9

motion is denied as improperly brought under Rule 60(b)" (first quoting *Gonzalez*, 545 U.S. at 534; and then citing *Harris*, 367 F.3d at 82)); *Hamilton v. Lee*, 188 F. Supp. 3d 221, 238 (E.D.N.Y. 2016) ("Dissatisfaction with a judgment does not sufficiently justify an allegation of mistake under Rule 60(b)(1)." (citing *In re Bulk Oil (USA) Inc.*, No. 93-CV-4494, 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007))); *Conner v. Poole*, No. 07-CV-6230, 2010 WL 2010933, at *3 (W.D.N.Y. May 18, 2010) (denying the petitioner's Rule 60(b)(1) motion because he "failed to establish that the [court's] determination that [the] identification claims . . . were procedurally barred was a mistake or incorrect" and "[i]nstead, he submit[ted] only various conclusory assertions that appear to be rooted primarily in his dissatisfaction with the outcome of the proceeding"); *see also Singleton v. Beadle*, 839 F. App'x 671, 673–74 (3d Cir. 2021) (affirming the denial of Rule 60(b)(1) motion where the appellant did not allege a "'mistake' warranting relief").

      Moreover, the October 2020 Decision did not overlook controlling law or facts in concluding that Petitioner's claim was procedurally barred by an independent and adequate state law ground. *See Munn v. APF Mgmt. Co., LLC*, No. 19-CV-10791, 2021 WL 2355308, at *3 (S.D.N.Y. June 9, 2021) (denying Rule 60(b)(1) motion where the plaintiff raised an argument that was not before the court in the underlying motion, which meant that the court could not have overlooked the argument); *Williams v. Bradt*, No. 10-CV-3910, 2018 WL 1582213, at *2 (E.D.N.Y. Mar. 30, 2018) (denying Rule 60(b)(1) motion where the petitioner did not "present any controlling case law, facts, or data, which the [c]ourt overlooked that would have altered the [c]ourt's conclusion"). Petitioner's trial counsel failed to object to the Trial Court's failure to provide a no-inference instruction, even though defense counsel did contemporaneously object to other portions of the jury instructions. (T. 593–94.) Because the Appellate Division found that

defense counsel did not adequately preserve the claim for review, *see Wilson*, 981 N.Y.S.2d at 813, and New York's "contemporaneous objection rule is an independent and adequate state law ground," *Downs v. Lape*, 657 F.3d 97, 104 (2d Cir. 2011) (stating that New York's contemporaneous objection rule is one such independent and adequate state procedural ground), the Court properly declined to review Petitioner's claim concerning the Trial Court's failure to instruct jurors that they may draw no adverse inference from Petitioner's failure to testify, *see Cone v. Bell*, 556 U.S. 449, 465 (2009) ("It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991))); *Winters v. Sticht*, No. 16-CV-5027, 2021 WL 406742, at *2 (S.D.N.Y. Feb. 4, 2021) (declining to review the merit of petitioner's claims where the state court "relied on New York's contemporaneous objection rule" and the adherence to the rule barred the federal habeas court from review).[4]

---

[4] There are two exceptions to the doctrine of independent and adequate state procedural bar: where a petitioner "can [(1)] demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or [(2)] demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See, e.g.*, *Hamilton v. Lee*, 707 F. App'x 12, 13 (2d Cir. 2017) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Although Petitioner now argues that the claim qualifies for an exception, (Pet'r's Mot. ¶ 8), even construing Petitioner's *pro se* original filings liberally and interpreting them to raise the strongest arguments they suggest, *see Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016), Petitioner did not contend in the Petition that the claim qualified for an exception, (Pet.). Thus, the October 2020 Decision did not overlook controlling law or facts by not analyzing whether the claim qualified for an exception. *See Munn v. APF Mgmt. Co., LLC*, No. 19-CV-10791, 2021 WL 2355308, at *3 (S.D.N.Y. June 9, 2021) (noting that the court could not have overlooked an argument which was not before the court in the underlying motion); *Khan v. Capra*, No. 19-CV-533, 2020 WL 6581855, at *8 (E.D.N.Y. Nov. 10, 2020) (concluding that the petitioner's claim was barred from federal habeas review where it was rejected by the state court "as unpreserved" and the petitioner did not make "a sufficient showing of cause, prejudice or actual innocence to excuse his procedural default" or demonstrate "that failure to consider his federal claim will result in a 'fundamental miscarriage of justice'" (quoting *O'Neal v. New York*, No. 17-CV-260, 2020 WL 3035201, at *5 (E.D.N.Y. June 5, 2020))).

11

To the extent that Petitioner argues that the Trial Court's failure to instruct jurors that they may draw no adverse inference from Petitioner's failure to testify violates his "due process and fundamental right to a fair trial" and requires that his "conviction . . . be reversed and a new trial ordered," such is beyond the scope of Rule 60(b) because he seeks to attack his underlying conviction. *See Sanchez v. United States*, No. 18-CV-206, 2020 WL 2139118, at *3 (S.D.N.Y. May 5, 2020) (denying Rule 60(b)(1) relief where the court previously addressed the petitioner's claim and found it to be time barred and concluding that "[t]o the extent [the petitioner] attempts to attack his underlying conviction, the claim is denied as beyond the scope of a Rule 60(b) motion").

Accordingly, the Court denies Petitioner's motion for relief under Rule 60(b)(1).

### III. Conclusion

For the reasons explained above, the Court denies Petitioner's motion for relief pursuant to Rule 60(b)(1). The Clerk of Court is directed to send a copy of this Memorandum and Order to Plaintiff.

Dated: July 26, 2021
      Brooklyn, New York

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge